IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| WINTER PARK IMPORTS, INC. d/b/a LEXUS OF ORLANDO,<br><br>  Plaintiff,<br><br>vs.<br><br>RKM COLLECTOR CAR AUCTIONS, LLC and RK MOTORS, LLC,<br><br>  Defendants. | **Civil Action No. 3:15-cv-246** |

### DEFENDANT RKM COLLECTOR CAR AUCTIONS, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Rule 12(b)(6) and Local Rule 7.1, Defendant RKM Collector Car Auctions, LLC ("RKMCCA") states as follows in support of its Motion to Dismiss:

### PRELIMINARY STATEMENT

The allegations against RKMCCA are misguided and insufficient as a matter of law based on its status as auctioneer, as opposed to seller, and the terms of the written agreement between plaintiff and RKMCCA. The plaintiff wrongfully equates RKMCCA with a seller, despite its acknowledgement in other portions of the Complaint that RK Motors was the owner and seller of the automobile in question. This mischaracterization results in the plaintiff asserting claims that are premised on non-existent warranties. The remainder of the plaintiff's claims are expressly defeated by the content of the Bidder Agreement, which was agreed to and signed by both parties and attached to the Complaint as Exhibit F. Therefore, each and every claim directed at RKMCCA fails as a matter of law and warrants dismissal.

## STATEMENT OF THE FACTS

Plaintiff, Winter Park Imports, Inc. purchased a 1967 Ford Mustang GT (the "Car") from defendant RK Motors, LLC ("RK Motors") in an auction facilitated by defendant RKMCCA on November 4, 2013. In its complaint, plaintiff acknowledges that RK Motors was the sole holder of the title to the Car in question, that RK Motors was the owner and seller of the Car at the auction, and that the advertisement for the car was listed on RK Motors' website. (Complaint Paragraphs 26, 27 and 28).

Prior to the auction, plaintiff entered into a Bidder Agreement with RKMCCA. The Bidder Agreement specifically stipulates that RKMCCA's only obligation under the agreement is to ensure that the Car is transferred to the purchaser in "AS IS, WHERE IS" condition. (Complaint, Exhibit F, Page 3 of 5, Paragraph 2). The Bidder Agreement additionally states that RKMCCA "makes no representations or warranties and expresses no opinions whatsoever" relating to the contents of the auction. (Complaint, Exhibit F, Page 3 of 5, Paragraph 6). The Bidder Agreement later releases RKMCCA from all claims that are not strictly related to the delivery of the purchase. (Complaint, Exhibit F, Page 3 of 5, Paragraph 6). On the following page, the Bidder Agreement stipulates that the plaintiff acknowledges and agrees that RKMCCA is:

> "merely performing an auction service and does not and shall not at any time own any of the Lots and makes no representations or warranties with respect thereto, and as such, any litigation brought by Buyer concerning any Lots shall be against the Seller only, and Buyer hereby irrevocably waives and releases all RKMCCA parties from any and all liability whatsoever in connection therewith." (Complaint, Exhibit F, Page 4 of 5, Paragraph 7).

The Bidder Agreement concludes with a merger clause which excludes the possibility of modifications or amendments to the Bidder Agreement. (Complaint, Exhibit F, Page 3 of 5,

Paragraph 10). For ease of discussion, a copy of the Bidder Agreement attached to the Complaint with the various relevant provisions highlighted, is attached as **Exhibit A** hereto.

Plaintiff subsequently filed its Complaint against RKMCCA despite these express provisions referenced above.

## ARGUMENT

A motion to dismiss for failure to state a claim should be granted where "it appears certain that Plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Fed. R. Civ. P. 12(b)(6). The court need not accept as true the allegations that are merely conclusory, unwarranted deductions of fact or unreasonable. *Veney v. Wyche,* 293 F.3d 726 (4th Cir. 2002). A motion to dismiss is properly granted where a valid legal defense stands as an insurmountable bar to plaintiff's claims. *Lupton v. Blue Cross and Blue Shield,* 139 N.C. App. 421 (2000). In this case, Plaintiff faces an insurmountable bar to its claims.

Plaintiff's allegations are inaccurately premised on the characterization of RKMCCA as a seller, when in fact, its acknowledged role was limited to that of an auctioneer. Plaintiff specifically identifies RK Motors as the "seller" and "owner" of the Car in its complaint. (Complaint, Paragraph 28). Plaintiff additionally attached the Certificate of Title for the purchased Car as an exhibit to its complaint, which solely lists RK Motors as the recipient of the title. (Complaint, Exhibit D). At no point in its Complaint does plaintiff allege that RKMCCA was a seller in the transaction. Additionally, the Bidder Agreement itself states, "Buyer herby understands, acknowledges and agrees that RKMCCA is merely performing an auction service and does not and shall not at any time own any of the lots..." (Complaint, Exhibit F, Page 4 of 5, Paragraph 7). Therefore, given RKMCCA's status as an auctioneer, none of the warranties that traditionally accompany a sale of goods under the UCC and North Carolina statutes are imposed

716226 v1
Case 3:15-cv-00246-GCM   Document 8   Filed 07/24/15   Page 3 of 10

on RKMCCA. Given the absence of the buyer-seller relationship between plaintiff and RKMCCA, the rights of each party are dictated by the contractual agreement between them, in this case, the Bidder Agreement.

RKMCCA's contractual duties pursuant to the Bidder Agreement are expressly limited to the transfer of the purchased goods to the buyer in "AS IS, WHERE IS" condition. (Complaint, Exhibit F, Page 3 of 5, Paragraph 2). Still, plaintiff alleged a revocation of acceptance and breach of contract against RKMCCA in its first two claims for relief. Plaintiff's first claim for relief suggests that it was wrongfully denied the opportunity to return the vehicle and revoke the contract. (Complaint, Paragraph 49). The essence of the breach claim is that the purchased Car contained no VIN number. (Complaint, Paragraph 62). These allegations are premised on a non-existent obligation for RKMCCA. RKMCCA simply had a contractual duty to deliver the Car in "AS IS, WHERE IS" condition, a duty that plaintiff never alleges was breached. Rather, plaintiff relies on alleged defects with the product itself. RKMCCA cannot breach a non-existent contractual obligation, and it is under no obligation to allow the revocation of an agreement when it has fully performed all of its contractual duties. Therefore, these allegations are directed against an improper party and warrant dismissal. In addition, the Bidder Agreement expressly waives and releases RKMCCA regarding the Car. (Complaint, Exhibit F, Page 3 of 5, Paragraph 6).

Plaintiff's additional claims similarly fail because these obligations are limited to a seller pursuant to the Uniform Commercial Code. N.C. Gen.Stat. § 25-2-314, which governs an implied warranty of merchantability, and N.C. Gen.Stat. § 25-2-315, which relates to implied warranties of fitness for a particular purpose both specifically reference the obligations of the

*seller*. There is no basis in law to impose these requirements, which are derived from the Uniform Commercial Code, on RKMCCA.

Plaintiff attempts to impose these obligations on RKMCCA, despite its exclusive and clearly enumerated role as auctioneer. Plaintiff's third claim for relief, breach of implied warranty of merchantability, is only relevant in transactions between the seller-merchant and the buyer. Here, RKMCCA is neither of those, and therefore none of these obligations attach to the relationship between plaintiff and RKMCCA. Plaintiff's fourth claim for relief, breach of implied warranty of fitness for a particular purpose, is similarly limited to circumstances in which the Uniform Commercial Code is applicable. Again, there is no legal basis to attach these obligations to a party in a transaction other than the seller of goods. Plaintiff specifically identified RK Motors as the "seller" in its complaint, yet failed to allege that RKMCCA acted in that same role. In fact, the Bidder Agreement clearly and unequivocally provided that RKMCCA's role is as auctioneer and shall not as an owner selling the Car at the auction. Therefore, any claim which demands that the defendant was the seller of the goods necessarily fails when directed against a party who did not act in this capacity. The contractual relationship between plaintiff and RKMCCA established no implied warranties, and therefore there were no warranties for it to breach. Plaintiff cannot levy claims against RKMCCA which are fully contingent upon a type of relationship that never existed. Therefore, there is no legal basis to impose these implied warranties on RKMCCA, and any allegations based upon them warrant dismissal.

Contractual language will similarly defeat claims of misrepresentation when a party effectively disclaims that intention. Courts have held that a plaintiff's claims based on misrepresentation warrant dismissal when the contractual language stipulates that the seller made

no representations at the time of the sale. *Ace, Inc. v. Maynard,* 108 N.C.App. 241, 250 (1992). In *Ace*, the plaintiff signed a contract for the sale of a plane in which he agreed that the sellers made no representations with regard to the plane, and therefore the plaintiff was precluded from claiming that there had been a *false* representation. *Id.* In sum, contractual disclaimers will defeat claims of misrepresentation, and attempts to bring this type of claim warrant dismissal.

Plaintiff's claims based upon misrepresentations and fraudulent concealment (the fifth and sixth claims for relief) are not viable because RKMCCA expressly disclaimed any intention to make a representation. These allegations fail based on the fact that RKMCCA explicitly stated that it made no representations in regards to the purchase or auction. (Complaint, Exhibit F, Page 3 of 5, Paragraph 6 and Page 4 of 5, Paragraph 7). Therefore, it is a legal impossibility for RKMCCA to make misrepresentations, when the parties' written agreement expressly provides that no representations were made. For this reason alone, plaintiff's allegations have no merit in that there was nothing for RKMCCA to misrepresent.

Plaintiff's sixth claim for relief, fraudulent concealment, is insufficient based on its failure to allege and evidence the requisite elements of the claim, as well as the language of the Bidder Agreement. A claim for fraudulent concealment requires a showing that the party knew a material fact, and subsequently failed to disclose that fact in violation of a duty to disclose. *Friedland v. Gales,* 131 N.C.App. 802 (1998). The language of the Bidder Agreement directly contradicts this claim in that it states:

> "Buyer agrees that it has sufficient opportunity to conduct any independent evaluations, inspections, examinations and research ("Buyer's Research") necessary to satisfy Buyer with respect to all aspects of each Lot it bids on, including the accuracy of any and all Vehicle Information, adherence to local and state laws of where the vehicle will be registered, and that **Buyer's decision to bid on any Lot and the amounts of such bid(s) are made exclusively in reliance upon Buyer's Research.** [emphasis added]" (Complaint, Exhibit F, Page 3 of 5, Paragraph 6).

There is no basis to attack RKMCCA for a lack of disclosure when plaintiff's decision to bid was exclusively made in reliance upon its own research. Further, a fraudulent concealment claim necessarily fails when there is no proof of the requisite duty. Plaintiff's Complaint simply fails to allege and evidence a duty to disclose owed by RKMCCA. The Bidder Agreement specifically stipulates that "RKMCCA has no duty to Buyer or any other party(ies) to research Lots or verify any Vehicle Information for the benefit of Buyer or any other parties." (Complaint, Exhibit F, Page 3 of 5, Paragraph 6). Therefore, this combined failure to both allege and evidence the requisite elements under a claim for fraudulent concealment warrants dismissal of this claim.

It follows that the claim of unfair and deceptive trade practices must fail based on the insufficiency of the allegations of misrepresentations and concealments, as well as the disclaimers contained in the Bidder Agreement. N.C. Gen.Stat. § 75-1.1 stipulates that the elements of an unfair or deceptive trade practice violate are: (1) an unfair or deceptive act or practice or an unfair method of competition; (2) in or affecting commerce; (3) that proximately causes actual injury to the plaintiff or to his business. *Furr v. Fonville Morisey Realty, Inc.* 130 N.C.App. 541, 551 (1998). To prevail, a plaintiff must show that a defendant's acts possessed the tendency or capacity to mislead or that they created the likelihood of deception. *Chastain v. Wall*, 78 N.C.App. 350, 356 (1985). Here, this requirement cannot be satisfied since RKMCCA made no representations whatsoever and the plaintiff agreed that it purchased the car based exclusively on its own research. The Bidder Agreement expressly stated that RKMCCA made no representations, and therefore this claim fails for the same reason as its other allegations. The failure to evidence an unfair or deceptive act is fatal to the plaintiffs claim, and therefore it warrants dismissal.

Plaintiff's final claim for relief, civil conspiracy, fails based on the lack of evidence of an agreement between the parties and the express language of the Bidder Agreement. A conspiracy requires proof of an agreement between two or more persons. *Dove v. Harvey*, 168 N.C.App. 687, 690 (2005). The language of the Bidder Agreement which expressly defeats the prior claims for relief as cited above is similarly applicable to defeat this claim. There can be no agreement to commit a wrongful act when the express contractual language eliminates any possibility of such a claim. RKMCCA acted pursuant to the Bidder Agreement at all times, fulfilled all its obligations and plaintiff purchased the Car based on its own independent research with no reliance on the auction company and without any representation by RKMCCA. In addition, the Bidder Agreement specifically states that the "Buyer hereby irrevocably waives and releases all RKMCCA Parties from any and all liability whatsoever in connection therewith." (Complaint, Exhibit F, Page 4 of 5, Paragraph 7). Based on the insufficiency of this pleading, this final claim similarly warrants dismissal.

The claims brought forth against RKMCCA mischaracterize it as a seller, and ignore the explicit language of the Bidder Agreement. RKMCCA served in a limited capacity as auctioneer in the transaction between the other two parties in this litigation. This service was provided pursuant to the Bidder Agreement, and RKMCCA performed in the exact manner it was required to. The express language of the Bidder Agreement defeats the claims by the Plaintiff. There is no legal basis for these claims to survive when they are predicated upon RKMCCA serving in a role that is contrary to all evidence and logic and when predicated on assumptions and allegations in direct contrast to the parties' written agreement. In light of these deficiencies, the Court should dismiss RKMCCA as a party in this dispute.

## CONCLUSION

Based on the foregoing, Defendant RKMCCA requests that the Court dismiss it as a party to Plaintiff's Complaint; award RKMCCA the costs and fees incurred in preparing this Motion to Dismiss and Memorandum in Support; and award RKMCCA such further relief as the Court finds just and proper.

This the 24th day of July, 2015.

/s/ Kenneth Lautenschlager
Kenneth Lautenschlager
N.C. State Bar No. 23246
JOHNSTON, ALLISON & HORD, P.A.
P.O. Box 36469
Charlotte, NC  28236
Telephone: (704) 332-1181
Facsimile: (704) 376-1628
Email: klauten@jahlaw.com
*Attorneys for Defendant RKM Collector Car Auctions, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on 24th, of July, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send notification of such filings to the following:

>Mr. T. Jonathan Adams, Esq.
>Hamilton, Stephens, Steele & Martin, PLLC
>201 South College Street, Suite 2020
>Charlotte, NC 28244-2020
>*Attorneys for Plaintiff*

This the 24th day of July, 2015.

>/s/ Kenneth Lautenschlager
>Kenneth Lautenschlager
>N.C. State Bar No. 23246
>JOHNSTON, ALLISON & HORD, P.A.
>P.O. Box 36469
>Charlotte, NC 28236
>Telephone: (704) 332-1181
>Facsimile: (704) 376-1628
>Email: klauten@jahlaw.com
>*Attorneys for Defendant RKM*
>*Collector Car Auctions, LLC*